## JOHN DUMAS v. CHARLES STONE.

CHITTENDEN COUNTY, 1893.

Before: ROSS, CH. J., ROWELL, MUNSON AND START, JJ.

*Master and servant. Assumption of risk. Contributory negligence.*

1. A servant assumes those risks which are ordinarily incident to his employment, but he does not assume those risks which are due to the neglect of the master unless he either has or ought to have knowledge of them.

2. It is not enough for the master to show that the servant was apprehensive merely of a possible danger; especially where the master himself knowing the circumstances did not believe the danger to exist.

3. The negligence of the master was in not having properly tested a rope, to the possible insufficiency of which his attention has been called. *Held,* that the servant might recover although he knew the rope had not been tested.

Case for personal injuries sustained through the neglect of the defendant. Plea, the general issue. Heard at the April term, 1892, upon the report of a referee, TAFT, J., presiding. Judgment for the plaintiff. The defendant excepts.

The plaintiff was a stone mason in the employ of the defendant and was injured by the fall of a derrick occasioned by the breaking of a guy rope. The derrick had been set up under the personal supervision of the defendant. It was held in place by four guy ropes, three of which were wire ropes. In putting these wire ropes up it was noticed that they were rusted and the strands of one of them became

broken and were repaired.   These facts were known to the defendant and he inspected the ropes and thought them sufficiently strong.   The plaintiff was not present when the derrick was set up but knew that there had been some discussion among the men who were there as to the sufficiency of the ropes, and expressed some doubts upon that point himself.   The referee found that neither the plaintiff nor the defendant thought the ropes were insufficient, or that it was unsafe to work under them.

In point of fact the rope which had been repaired broke in another place in handling the second stone.

The referee reported that a prudent man would have tested this guy before putting men to work under it; that the defendant was negligent in no other respect, and that the plaintiff knew that it had not been tested.

*W. L. Burnap* and *H. F. Wolcott* for the defendant.

The plaintiff had the same knowledge and means of knowledge as to this defective guy as the defendant, and cannot therefore recover.   *Nason* v. *West*, 2 New Eng. Rep. 72;  *Wheeler* v. *Wason Mfg. Co.*, 135 Mass. 238;  *Priestly* v. *Fowler*, 3 Mees. & Wels. 1 ;  *Carbine, Admr.*, v. *Ben. and Rut. R. R. Co.*, 61 Vt. 348;  Shear & Redf. Neg. 209.

*Roberts & Roberts* for the plaintiff.

The referee finds that the negligence of the defendant caused the injury; hence he is liable.   *Hill* v. *New Haven*, 37 Vt. 508-9.

The referee does not find any negligence upon the part of the plaintiff and the court will not infer it.   *Rogers* v. *Swanton*, 54 Vt. 585 ;  *Clayards* v. *Detrich*, 12 Q. B. 439.

The opinion of the court was delivered by

ROWELL, J.   The servant assumes the usual and or-

dinary risks incident to the business in which he engages; but he does not assume the unusual and extraordinary risks thereof, unless they are, or ought to have been, known to and comprehended by him, in which case he assumes those also, whatever they are. When the servant shows that his injury was caused by a danger not usually and ordinarily incident to the business, and which ought not to have existed, and would not have existed had the master performed his duty to him, and of which he neither knew nor was negligent in not knowing, the master is liable. It is not enough for the master in such a case that the servant was apprehensive merely of possible danger, especially when, as here, the master himself, knowing the circumstances, did not believe the danger to exist. *Carbine's Admr.* v. *Bennington and Rutland R. R. Co.*, 61 Vt. 348; *Nadau* v. *White River Lumber Co.*, 76 Wis. 120 (20 Am. St. Rep. 294); *Johnson* v. *First National Bank*, 79 Wis. 414, (24 Am. St. Rep. 722).

The referee " does not find any negligence on the part of the plaintiff, unless the court on the facts reported holds that what he did constitutes negligence." This is equivalent to saying that he was not negligent unless the facts reported constitute negligence as matter of law, which they do not, because not sufficiently decisive to make that question one of law. *Worthington* v. *Central Vt. R. R. Co.*, 64 Vt. 107. The plaintiff therefore is without fault; and his injury having been caused by a danger not ordinarily incident to the business, and one that ought not to have existed, and would not have existed but for the negligence of the defendant whose duty it was to furnish the plaintiff a reasonably safe place in which to work, and whose negligence as found caused the injury, the judgment is clearly right, and it is

*Affirmed.*