FLORA BRAINARD *vs.* THOMAS H. VAN DYKE.

January Term, 1899.

Present: ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed May 27, 1899.

*Contributory Negligence—Declaration Insufficient in Failing to Negative.*
The plaintiff sought to recover damages resulting from the defendant's negligence in placing dynamite in a hot oven in a dwelling house where the plaintiff was acting as the defendant's servant. The declaration alleged that the defendant did not notify the plaintiff of the dangerous character of the dynamite, but failed to allege that the plaintiff was ignorant of its dangerous character, and the declaration was held insufficient.

*Contributory Negligence—Declaration Insufficient in Failing to Negative.*
—This defect was not aided by an allegation that the dynamite exploded without the fault of the plaintiff.

*Facts Are to Be Pleaded, not Legal Conclusions.*—When a party seeks to avoid the effect of an alleged accord and satisfaction by reason of fraud,

it is not enough to say that the accord and satisfaction were procured by the fraud of the other party; he must go further and set forth the facts which constitute such fraud as will render the accord and satisfaction voidable.

*Settlement—Rescission.*—In this State it may be regarded as settled that when one has received anything of value in settlement of a right of action, the contract of settlement although obtained by duress and fraud, is a bar to a recovery at law so long as it is not rescinded by an offer to return the consideration in so far as it lies within his power to do so.

*Settlement—Rescission—Pleading.*—A plea of accord and satisfaction is not answered by a replication that the settlement was procured by the fraud of the defendant, without alleging a return or tender of the consideration received.

*Reasonable Time a Question of Fact.*—A replication of duress to a plea of release and discharge under seal need not allege a repudiation of the release, for the commencement of the suit is itself a repudiation, and the question whether action was taken within a reasonable time is one of fact and not of law.

*Duress.*—Duress is but a species of fraud, and contracts induced by it are not void, but voidable only, and must be renounced by some distinct act, and the consideration if of value must be returned if it is within the power of the receiver to do so.

CASE for negligence. Came on for hearing upon demurrer to the replication, at the September term, 1898, Essex county, *Taft*, J., presiding. Judgment, *pro forma* that the demurrer be overruled and the replication adjudged sufficient. The defendant excepted.

The pleadings are sufficiently stated in the opinion..

*Henry C. Ide* and *Drew, Jordan & Buckley* for the defendant.

*Bates, May & Simonds* for the plaintiff.

START, J. The negligence set forth in the declaration consisted in the defendant's placing dynamite in a hot oven, situated in a dwelling house where the plaintiff was in the discharge of her duties as the defendant's servant, with his knowledge, without notifying the plaintiff of the dangerous character of the dynamite. It is insisted by the defendant that the declaration is insufficient in that it is not alleged

therein that the plaintiff did not know of the dangerous character of the dynamite. If the plaintiff knew of the dangerous character of the dynamite, she lost nothing by reason of the defendant's neglect to inform her of its dangerous character; and, without an allegation of want of knowledge on her part, she does not show such facts as cast a duty upon the defendant, for a breach of which an action can be maintained. It is alleged in the declaration that the defendant did not notify the plaintiff of its dangerous character, but this does not negative knowledge on her part. This might be true, and the plaintiff have knowingly remained in a place of danger and assumed the risk of doing so. It is further alleged in the declaration, that, without any fault of the plaintiff and wholly by the negligence of the defendant, the dynamite exploded. This averment relates only to the cause of the explosion and does not negative knowledge on the part of the plaintiff. It simply shows that the dynamite exploded without the fault of the plaintiff.

The defendant's third plea alleges that the defendant delivered and paid to the plaintiff, and the plaintiff accepted and received from the defendant, the sum of one hundred dollars in full satisfaction and discharge of all the greivances set forth in the declaration. The replication to this plea alleges that the supposed payment and settlement of the one hundred dollars set forth in the plea were had and obtained from her, the plaintiff, by the unlawful imprisonment and fraud of the defendant. The pleader evidently intended to allege that the plaintiff was induced to receive the money, and the settlement was obtained, by the unlawful imprisonment of the plaintiff and the fraud of the defendant. Assuming that such is the fair meaning of the replication, we think it is defective in that it does not set forth the facts and circumstances constituting the fraud. When a party seeks to avoid the effect of an alleged accord and satisfaction by reason of fraud, it is not enough to say

that the accord and satisfaction were procured by the fraud of the other party. He must go further and set forth the facts which constitute such fraud as will render the accord and satisfaction inoperative and voidable. The evidence and legal conclusions should not be set forth, but the substantive facts constituting the alleged fraud should be shown by the replication, and their effect left for the consideration of the court. 7 Ency. Pl. and Pr., 247. Whether the fraud be alleged in the declaration, plea or replication, it is essential that the facts and circumstances constituting it should be set out clearly and concisely and with sufficient particularity to apprise the opposite party of what he is called upon to answer, 5 Id., 687. Fraud is a conclusion of law from facts stated, and it is a well settled rule of pleading that facts, and not legal conclusions, are to be pleaded. Mere general averments of fraud or fraudulent conduct of a party, without the facts, do not constitute a statement upon which the court can pronounce judgment. 5 Id. 688. If fraud is relied on, it is not sufficient to make the charge in general terms. The defendant should not be subjected to being taken by surprise, and enough should be stated to justify the conclusion of law, though without undue minuteness. *St. Louis and San Francisco R. R. Co.* v. *Johnstown*, 133 U. S. 577: L. ed. 33, 687. In *Wright* v. *Bourdon*, 50 Vt. 494, the declaration was held bad for not alleging the facts and circumstances constituting the alleged fraud. Also, in *Cohn* v. *Goldman*, 76 N. Y. 284, it was held that the allegation "in concert did by connivance, conspiracy and combination cheat and defraud the plaintiff out of" certain goods, did not state facts sufficient to constitute a cause of action.

The replication is also insufficient, in that it is not alleged that the one hundred dollars was returned or tendered to the defendant. In this State it may be regarded as settled that, when one has received anything of value in settlement of a right of action, the contract of settlement, although

obtained by duress and fraud, is a bar to a recovery at law so long as it is not rescinded by an offer to return the consideration, in so far as it lies within his power to do so. Thus in *Town's Admr.* v. *Waldo*, 62 Vt. 118, the defendant pleaded accord and satisfaction,. and the plaintiff admitted the receipt of the alleged consideration for the settlement and sought to avoid the compromise on the ground that it was procured by the defendant's fraud; and it was held that on discovering the fraud he was bound to disaffirm the transaction by returning the property received. Also, in *Downer* v. *Smith*, 32 Vt. 7, it is said: "It is a common principle, that when one has a right to rescind a contract, and exercises that right, he must restore the other party to the same condition that he would have been in if no contract had been made; but a defrauded party does not lose his right to rescind because the contract has been in part executed, and the parties cannot be fully restored to their former position, but he must rescind as soon as the circumstances will permit."

The case of *Mullen* v. *Old Colony R. R. Co.*, 127 Mass. 86, relied upon by the plaintiff, is not in conflict with this holding. In that case, the plaintiff did not admit that he received the money in settlement of the alleged cause of action. He claimed that the money was paid and received as a gratuity. In the course of the opinion, it is said: "It is well established that, if a party enters into a contract and in consideration of so doing receives money or merchandise, and afterward seeks to avoid the effect of such contract as having been fraudulently obtained, he must first give back to the other party the consideration received." The plaintiff by her replication does not deny the receipt of the money in settlement of the alleged cause of action, but in effect says that she was induced to receive it and make the settlement by the fraud of the defendant: This is, in effect, an admission that she received the money as a consideration for the alleged settlement. As we have seen, she could not

keep the money and also repudiate the settlement. If she was induced to accept the money in full settlement of the damage she sustained by reason of the defendant's negligence, by fraud practiced by the defendant, and would disaffirm the compromise, she was bound to return the money within a reasonable time. If the settlement was induced by fraud, it was valid and binding upon the plaintiff so long as she retained the money that was paid and received as a consideration therefor. Therefore, when she alleges that the settlement was procured by fraud practiced by the defendant, without alleging a return of the money or an offer to do so, she does not fully meet the issue of accord and satisfaction presented by the defendant's plea. While she holds the proceeds of the settlement, a trial of the issue of fraud would be of no avail. Whatever the finding might be, the defendant would still be entitled to judgment. As we have construed the pleadings, it stands conceded that the plaintiff has received one hundred dollars in full settlement of the alleged cause of action, still retains it, and has not offered to return the same to the defendant. There is, therefore, no material issue of fact to submit to a jury. The plaintiff can only meet the issue presented by the defendant's plea by a denial of the receipt of the money for the purpose alleged in the plea, or by putting in issue such facts as, if established, would render the facts set forth in the plea unavailing.

The defendant's second plea alleges, that the plaintiff, on the second day of July, 1892, by her release of that date, under seal, did release and discharge the defendant from all actions and causes of action by reason of the grievances complained of in the plaintiff's declaration. The plaintiff, by her replication, in effect, admits that she made the release as is in the plea set forth, but says, that, at the time of making the same, she was unlawfully imprisoned and detained in prison by the defendant, until, by force and duress of that imprisonment, she made the supposed release. There is nothing upon the record to show that the plaintiff did

anything to repudiate her deed until February 1, 1898, when she brought this suit; and the defendant insists, that, by this delay, the plaintiff has affirmed her deed, and that, when she brought the suit, it was too late to disaffirm it. Without deciding whether or not this objection can be taken by demurrer, we are of the opinion that we cannot hold as a matter of law that a reasonable time, in which to repudiate the release had expired when the suit was brought.

Duress is but a species of fraud, and contracts induced by it are not void, but voidable, and may be affirmed or repudiated in the same manner, and subject to the same conditions, that control when the contract is induced by fraud. Clark on Contracts, 356, 363; Blackstone's Com., vol. 2, 292; 2 Washburn, Real Prop., 2nd ed., 586; *Norton* v. *Gleason*, 61 Vt. 478; *Bank* v. *Wheelock*, 52 Ohio 534: 49 Am. St. Rep. 738; *Miller* v. *Minor Lumber Co.*, 98 Mich. 163: 39 Am. State Rep. 524; 9 Am. and Eng. Ency. of Law, 1st ed., 25. There must be some distinct act of renunciation. If the thing received as a consideration for the release is of no value, at law, a recision may be effected on the part of him who has the right, by notifying the other party that he repudiates the settlement, or by instituting legal proceedings against the other party upon the original cause of action. 21 Am. and Eng. Ency. of Law, 1st ed., 72, 73, and cases there cited.

As we have seen, if the release was induced ·by duress, it was voidable; and the plaintiff was bound to repudiate it within a reasonable time after the duress had ceased, by returning the consideration received for it in so far as it was within her power to do so, if the consideration was of any value. In this State, what is a reasonable time in which to repudiate a contract induced by fraud or duress, has usually been held to be a question of fact to be submitted to the jury or found by the trier of the issues of fact. Thus, in *Whitcomb* v. *Denio*, 52 Vt. 390, it is said: "Whatever may be the rule in other states in regard

to its being the duty of the court, when the facts are undisputed, to determine, as a matter of law, whether a thing has been done within a reasonable time, or with reasonable care, diligence or prudence, or to determine any other fact which involves the judgment of the trier upon an existing state of facts and circumstances, it has been the almost universal practice in this State, from the earliest recollection of the oldest members of the court and bar, to submit such question to the determination of the jury." In *Chamberlain* v. *Fuller*, 59 Vt. 252, it is said: "If the goods were obtained by fraud under the form of a contract, the plaintiffs had a right to rescind. Whether they acted with reasonable promptitude as soon as they discovered the fraud, was a mixed question of law and fact proper to submit to the jury." In *Norton* v. *Gleason, supra*, it is said: "Assuming that the law requires action at the earliest practicable moment, it would still be a question of fact, at least generally, when that moment arrived, even if there was no dispute as to the circumstances." This view has also prevailed in the Supreme Court of the United States. Thus, in *Andrews* v. *Hensler*, 6 Wall, 254: L. ed. 18, 737, it is held, that what is reasonable diligence is a question of fact, to be decided by the jury according to the special circumstances of each case.

The release, being under seal, imports a consideration, but what that consideration was, and whether or not it was in fact of any value, does not appear. If it was of no value, the plaintiff would not be expected to exercise that degree of diligence that would otherwise be required. Also, much depends upon the situation and relations of the parties, the circumstances, duration and effect of the duress, and whether, during the delay, the position of the defendant has been altered to his prejudice. *Whitcomb* v. *Denio, supra*; *Norton* v. *Gleason supra*. In view of these considerations, and the holding of this court respecting reasonable time in which to rescind a

contract for fraud or duress, the court will not, from the
pleadings, hold, as a matter of law, that the plaintiff has
not seasonably repudiated the release.

The first defect in the pleadings being in the declaration,
the demurrer to the replications reach that defect, and
notwithstanding the replication to the second plea would
be a good replication to that plea, if the declaration were
sufficient, the demurrer is sustained and the declaration
adjudged insufficient.

> *Judgment reversed, demurrer sustained, declaration
> adjudged insufficient, and cause demanded.*