HENRY A. DUNBAR *v.* CENTRAL VERMONT RAILWAY CO.

October Term, 1906.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and MILES, JJ.

Opinion filed January 12, 1907.

*Master and Servant—Injury of Servant—Extraordinary Danger—Assumption of Risk—Burden of Proof—Evidence—Failure to make Offer—Motion in Arrest.*

In an action by a servant against his master for injuries resulting from an extraordinary danger, the burden is on plaintiff to show that he did not assume the risk by voluntarily encountering the danger after he comprehended it.

The test of whether a servant has assumed the risk of an injury resulting from an extraordinary danger is, not whether he exercised care to *discover* the danger, for he has a right to assume that it does not exist; but whether he actually or presumably knew and comprehended it.

In an action by a railroad conductor for injuries resulting from the derailment of his train caused by the ties being so unsound and insufficient that the spikes could not hold the rails in place under the pressure of the train in going around the curve where the accident happened, the risk was an extraordinary one; and it was error to submit the case to the jury upon the theory that, as there was no evidence tending to show that plaintiff knew of the defect, he was ignorant thereof, thereby casting upon defendant the burden of showing assumption of risk.

Since the risk relied upon by the declaration and shown by plaintiff's evidence was an extraordinary one, defendant's offered evidence that a large per cent. of derailments can neither be accounted for nor guarded against, was properly excluded as immaterial.

Defendant's offered evidence as to the condition of the roadbed a year and a half after the accident was properly excluded, it not appearing that its condition then was the same as at the time of the accident.

Where it does not appear what answer was expected to a question excluded in direct examination, its exclusion does not show error.

Where the record does not show that an exception was taken to the overruling of a motion in arrest of judgment, that question will not be reviewed.

CASE for personal injuries. Plea, the general issue. Trial by jury at the September Term, Franklin County, 1905, *Tyler*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The question to the witness Walsh, referred to in the opinion, was asked in his direct examination.

*C. W. Witters*, and *H. Henry Powers* for the defendant.

The burden was on the plaintiff to show the absence of knowledge, actual or imputed, of the extraordinary risk which caused his injury. Pierce on Railroads, 382, 383; *Tex. & Pac. R. R.* v. *Barrett*, 166 U. S. 617; 6 Thomp. Neg. §7531; *Brainard* v. *Van Dyke*, 71 Vt. 359, Lawson, Presump. Ev. 133.

*Brigham & Start, Alfred A. Hall,* and *Senter & Senter* for the plaintiff.

A servant assumes only those extraordinary risks which he knows and comprehends, or which he ought to know and comprehend. *Kilpatrick* v. *R. R.*, 74 Vt. 288; *Dumas* v. *Stone*, 65 Vt. 442; *Skinner* v. *R. R.*, 73 Vt. 340.

ROWELL, C. J. This is case to recover for personal injuries to the plaintiff by the derailment of a passenger train that he was conducting over the defendant's railroad.

The declaration alleged, and plaintiff's evidence tended to show, that the derailment was occasioned because the ties were so unsound and insufficient that the spikes could not hold the rails in place under the pressure of the train in going around the curve where the accident happened.

The defendant moved for a verdict, for that there was no evidence tending to show any negligence on the part of the defendant that the plaintiff did not know, or from his long experience on the road, ought to have known. This raised the question of on whom was the burden of proof as to the assumption of risk. There was nothing in the case to show whether the plaintiff knew the condition of the road or not save what might be inferred from the fact that he had recently run his train over it several times without accident. But the court took no note of that fact as ground for an inference either way, but thought there was no evidence that the plaintiff knew of the defect, and therefore assumed that he did *not* know, and submitted the case accordingly, thereby casting the burden upon the defendant of showing assumption of risk, and relieving the plaintiff from the burden of showing nonassumption.

But the risk was not an ordinary risk, existing without the fault of the defendant, and therefore assumed by the plaintiff; but an extraordinary risk, as it existed by the fault of the defendant, and therefore was not assumed by the plaintiff, unless he knew and comprehended it, or it was so plainly observable that he will be taken to have known and comprehended it; then, in either case, he cannot recover. *Dumas* v. *Stone,* 65 Vt. 442, 25 Atl. 1097; *Texas & Pacific Railway Co.* v. *Archibald,* 170 U. S. 665, 673; *Choctaw &c. R. R. Co.* v. *McDade,* 191 U. S. 64, 68. It will be noticed that the test is, not whether the servant exercised care to discover the danger, for he is not bound to do that when he has a right to assume that it does not exist; but whether he knew and comprehended it, actually or presumably. Some of our cases in stating the test, may involve the idea of care on the part of the servant;

but generally, when rightly understood, they state it with substantial accuracy, we think.

Hence want of such knowledge and comprehension was an essential element of the plaintiff's case, and consequently the burden was on him to negative them, otherwise he would be taken to have assumed the risk, and could not recover. Such is the law of this State, and of some of the other States, though some hold the other way. In *Brainard* v. *Van Dyke,* 71 Vt. 359, 45 Atl. 758, the plaintiff was injured by the explosion of dynamite that the defendant, her master, had put into a hot stove oven in his house where she was at work, without informing her of its dangerous character; and because the declaration did not allege her ignorance of its dangerous charter, it was held bad on demurrer. This is the rule of the common law. Thus, *Griffiths* v. *The London & St. Katherine Docks Co.* 13 Q. B. D. 259, in the Court of Appeals, was an action by a servant of the defendant for personal injuries resulting from the negligently unsafe condition of the premises whereon the servant was employed. Although the action was brought after the passage of the Employers' Liability Act of 1880, it was not founded upon it. The declaration of claim alleged that one of the iron doors that formed part of the warehouses of the defendant's dock gave way and fell upon the plaintiff who was in the defendant's employment. It contained no allegation that the plaintiff was ignorant of the insecure condition of the door, nor of the danger to which he was exposed, but alleged only that the defendant knew, or ought to have known, of the defective, unsafe, and insecure condition of the door, and that it was altogether owing to the defendant's negligence that it was not put into a safe and secure condition. The declaration was held bad for not alleging want of knowledge on the part of the plaintiff. Brett, M.

R., said that if the danger is one that was known to the master and not to the servant, the knowledge of the master and the want of knowledge of the servant make together a cause of action, and as it is necessary for these two things to exist in order to form a *prima facie* case, it is necessary that they should be shown to exist by the declaration.    Bowen, L. J., said that the old form of declaration used to show that the danger that caused the accident was known to the master and unknown to the servant; that both of these allegations are necessary, because without them there is no cause of action, and that unless it is shown at the trial or there are facts from which it can be inferred that the servant was ignorant of the existence of the danger he would be nonsuited.    Fry, L. J., said that it appeared plain to him that the knowledge of the master and the ignorance of the servant are necessary to constitute a cause of action.

This statement of the substantive law of the case is sufficient to obviate the necessity of specifically considering the requests to charge that are relied upon, for they are directed in varying ways to substantially the same question.

The defendant claimed that the derailment could not be accounted for nor guarded against, and offered to show that a large per cent. of the derailments are of that character, for the purpose of showing that they are ordinary risks of the business, and therefore assumed by the servant.    But as we have seen, the risk in question, as shown by the declaration and the plaintiff's evidence, was not an ordinary risk, but an extraordinary risk, and the plaintiff could not recover unless he showed that the accident happened substantially as alleged in the declaration.    *Clark* v. *Employers' Liability Co.,* 72 Vt. 458, 467, 48 Atl. 639.    Therefore the testimony was offered to show a thing not in issue, and properly excluded.

As it does not appear what answer was expected to the question put to the witness Walsh, its exclusion does not show error.   The question put to the witness Brown as to the condition of the roadbed as to ballast when he examined it a year and a half after the accident, was properly excluded, because it did not appear that its condition was the same.

The defendant moved in arrest, and insists that the declaration is bad for not alleging that the plaintiff was ignorant of the danger.   But we cannot consider the motion, for it does not appear that any exception was taken to the overruling of it.

*Judgment reversed and cause remanded.*