HENRY A. HATCH *v.* O. W. REYNOLDS' ESTATE.

October Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed October 5, 1907.

*Master and Servant—Injury of Servant—Extraordinary Danger—Assumption of Risk—Burden of Proof—Evidence—Sufficiency—Directed Verdict.*

In an action by a servant against his master for injuries resulting from an extraordinary danger, the burden is on plaintiff to show that he did not assume the risk, and to do that, he must show that he did not comprehend it, and that it was not so plainly observable that the law will charge him with having comprehended it.

In an action against a testator's estate for injuries alleged to have
    been received by plaintiff because of the testator's negligence
    in sending him to repair the testator's reservoir, which con-
    tained a walk, known to the testator, but unknown to plaintiff,
    to be unsafe, and which fell with plaintiff upon it, whereby
    he was thrown into the reservoir and hurt, the testimony of
    plaintiff's wife that she did not know of his working on the
    reservoir before the accident, there being no ground to infer
    that she would have known it if he had, did not tend to
    show that plaintiff never worked on the reservoir before, and
    so warrant the inference that he did not know of the condition
    of the walk because of lack of opportunity; and that being the
    only evidence relied on as tending to show that plaintiff did not
    assume the risk, a verdict was properly directed for defendant.

APPEAL from the disallowance by the commissioners of a
claim presented against the estate of O. W. Reynolds by Henry
A. Hatch. Declaration in case for personal injuries caused by
the testator's alleged negligence. Plea, the general issue. Trial
by jury at the December Term, 1906, Lamoille County, *Miles,*
J., presiding. At the close of plaintiff's evidence, the court
directed a verdict for the defendant for that there was no evi-
dence tending to show that the plaintiff did not assume the risk
by voluntarily encountering the danger after he comprehended
it. The defendant excepted.

The plaintiff's evidence tended to show only that from Octo-
ber, 1890, to the time of the accident plaintiff was employed
by the testator as a clerk in his store; that on July 12, 1898,
and for some years previous thereto, the testator owned a water
reservoir in the village of Cambridge, Vermont, which was
covered by a roof extending to the ground; that beneath this
roof a plank walk extended from east to west over the reservoir
about in its center; that on July 12, 1898, the testator sent his
son and plaintiff to do something in respect of that reservoir,
but it did not appear what; that thereupon those two went to
the reservoir, and while they were standing together at the west
end of said walk, it fell and threw plaintiff into the reservoir
and severely injured him; that either the cleat which supported
that end of the walk "had rotted off or the nails had rusted
and pulled off"; and that immediately after the accident, the

testator said to plaintiff, "I am sorry I sent you up there, if I could have got anyone else I wouldn't have sent you."

*V. A. Bullard* and *B. E. Bullard* for the plaintiff.

The unexplained giving away of the walk upon which plaintiff was standing made a case sufficient to require the submission to the jury of the question whether the master was negligent. *Salorz* v. *Manhattan R. Co.*, Misc. 656; Thomp. Neg., 1106; *Stoher* v. *St. Louis etc. Co.*, 91 Mo. 509; *Mulcaims* v. *Janesville*, 67 Wis. 24; 34 Cent. Dig. 1595; *Moynihan* v. *Hills*, 146 Mass. 586; *McBeath* v. *Rawle*, 93 Ill. App. 212; *Ry. Co.* v. *Wood*, 63 S. W. (Tex.) 164; Am. Dig. 1901, B-2730; *Alabaster Co.* v. *Lonergan*, 90 Ill. App. 353; *Morton* v. *Zwierzykowski*, 91 Ill. App. 462.

Since the testator ordered plaintiff into a situation of greater danger than the work for which he was employed, namely, that of clerk in a store, plaintiff had a right to assume that the walk was fit and safe to walk upon, and so it was error to direct a verdict for defendant. *Miller* v. *Union Pac. Ry. Co.*, 17 Fed. 67; *Lalor* v. *Chicago, etc.*, 52 Ill. 401; *Lehman* v. *Siggeman*, 35 Ill. App. 161; *Consolidated Coal Co.* v. *Haenni*, 48 Ill. App. 115; *Coal Co.* v. *Hoodlet*, 129 Ind. 327; *Chicago, etc.* v. *Haney*, 28 Ind. 28; *Jones* v. *Ry. Co.*, 49 Mich. 573; *Nuttal* v. *Shipbuilding Wks.*, 4 Lanc. Law. Rev. 161; *Norfolk* v. *Ward*, 9 Va. 687; *Swoboda* v. *Ward*, 40 Mich. 420; 34 Cent. Dig. 1545.

In an action against a master for personal injuries to his servant, due care on the part of the servant may be inferred from the absence of evidence of negligence, as from the positive acts of diligence. *Caron* v. *Ry. Co.*, 164 Mass. 523; *Ry. Co.* v. *Day*, 91 Ga. 676.

There being no affirmative evidence of plaintiff's negligence, it was for the jury to determine why he was upon the walk at the time it fell. *Galvin* v. *New York*, 112 N. Y. 223; *Con. Ry. Co.* v. *McMullen*, 117 Ind. 439.

Plaintiff's lack of contributory negligence may be inferred from the circumstances, it need not be directly shown. *Nelson* v. *Ry. Co.*, 38 Iowa 564; *Mayo* v. *Ry. Co.*, 104 Mass. 137; *Sickles* v. *Ice Co.*, 153 N. Y. 83; 99 Am. Dig. 2890; *Corbin* v. *Electric Co.*, 78 Ill. App. 516; *Stewart* v. *Ferguson*, 34 N. Y. App. Div.

515; *Dumas* v. *Stone,* 65 Vt. 442; *Eastman* v. *Curtis,* 67 Vt. 432.

That a servant knew of the danger incident to the failure of his master to supply proper appliances, and therefore took the risk thereof, will not be ground for non-suit, unless such knowledge clearly appears, or the inference thereof is unavoidable. *Ellengson* v. *Chicago etc. Co.,* 60 Mo. App. 679; *Appel* v. *Buffalo etc.,* 2 N. Y. St. Rep. 257; *Hulihan* v. *Green Bay Co.,* 68 Wis. 520; *Nadan* v. *Lumber Co.,* 76 Wis. 120; *Davidson* v. *Cornell,* 132 N. Y. 228; *Ry. Co.* v. *Currier,* 108 Fed. 19; *Bridge Co.* v. *Olsen,* 108 Fed. 335.

*J. W. Redmond* and *R. W. Hulburd* for the defendant.

ROWELL, C. J.   Appeal from the decision of commissioners. The plaintiff declares in case for personal injuries alleged to have been received by him because of the testator's negligence in sending him to alter or repair the testator's reservoir, which contained a walk, known to the testator, but unknown to the plaintiff, to be insufficient and unsafe, and which fell with plaintiff upon it, whereby he was precipitated into the reservoir and hurt.

Suppose the risk to have been extraordinary, which is most favorable to the plaintiff, the burden was on him to show that he did not assume it; and to do that, it was necessary for him to show that he did not know and comprehend it, and that it was not so plainly observable that the law will charge him with knowing and comprehending it. *Dunbar* v. *Central Vt. R. R. Co.,* 79 Vt. 474, 65 Atl. 528.   And the declaration recognizes this necessity, for it alleges want of such knowledge.   But the testimony does not tend to prove the allegation.   All the testimony there is that the plaintiff claims tends to prove it, comes from his wife when she says she did not know of her husband's working on the reservoir before the time of the accident.   The plaintiff claims that this testimony tends to show that he never did work on the reservoir before, and therefore that it laid the foundation for an inference that he did not know the condition of the walk because of his want of opportunity to know.   But that testimony does not tend to show that the plaintiff never worked on the reservoir before.   It amounts to no more than

saying that the witness did not know whether he had or not, as there is no ground to infer that she would have known of it if he had.

The defendant's motion for a verdict was properly sustained because plaintiff's knowledge of the risk was not negatived.

*Judgment affirmed, and ordered to be certified down.*