JENNIE DUELL v. ROBIN HOOD AMMUNITION COMPANY.

November Term, 1911.

Present:  ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed January 8, 1912.

*Master and Servant—Injury to Servant—Pleading—Declaration— Sufficiency—Assumed Risk—Proximate Cause—Averment of Duty.*

In a servant's action for injuries from the explosion of primers that he was handling in manufacturing ammunition, a declaration alleging negligence of defendant in manufacturing the primers, whereby they were over sensitive and liable to explode with the most prudent handling, which danger defendant knew, but of which plaintiff was ignorant, and that plaintiff was injured by an explosion of such primers while prudently handling them in the line of his duty, shows both that the explosiveness of the primers was an extraordinary risk and that plaintiff did not assume it.

In a servant's action for injuries from the explosion of primers that he was handling in manufacturing ammunition, a declaration alleging the duty of defendant to manufacture the primers safely and of safe material, but that defendant, disregarding that duty, carelessly required plaintiff to perform a process with primers so negligently manufactured, and of such unfit and dangerous materials, that they were over

sensitive and liable to explode with the most careful handling, all of which defendant knew, but of which plaintiff was ignorant, and that, solely because of that negligence and without any fault on plaintiff's part, he was injured by an explosion of the primers while handling them in the line of his duty, sufficiently alleges a breach of duty on defendant's part, avers in traverable form the negligent acts of defendant, so that the plea of not guilty put in issue both negligence of manufacture and negligence in furnishing unfit material, and sufficiently alleges that defendant's negligence was the sole cause of the injuries.

CASE for negligence. Heard in vacation after the March Term, 1911, Franklin County before *Miles*, J., on demurrer to the declaration. Demurrer sustained and declaration adjudged insufficient. The plaintiff excepted. Cause passed to the Supreme Court before trial on the merits. The opinion sufficiently states the declaration.

*Furman & Webster* for the plaintiff.

*E. A. Ayers* and *C. G. Austin & Sons* for the defendant.

ROWELL, C. J. This is trespass on the case by a servant against her master to recover for personal injuries claimed to have been caused by the negligence of the master. The declaration contains but one count. It alleges that the defendant was engaged in manufacturing and selling ammunition, and therein and as a part thereof manufactured and used primers in large quantities, in the manufacture of which it used an explosive substance or mixture called fulminate, a certain amount of which was put into each primer, the primers dried and then anviled by pressing into each a metal device called an anvil, after which they were emptied into a sieve; that on such a day the plaintiff was, and for a long time had been, in the employment of the defendant to assist in making said primers and thereby in manufacturing said ammunition; that by virtue and in the course of such employment she was obliged to and did place and press said anvils into said primers as aforesaid, and was required to and did empty said primers containing said explosive substance or mixture, dried as aforesaid, and containing the anvils as aforesaid, into a sieve as aforesaid;

that by virtue of said employment it then and there became and was the duty of the defendant then and there to construct and manufacture said primers in a safe and proper manner and of safe and proper material, so that the same when being handled and anviled or emptied by the plaintiff as aforesaid with proper and due care on her part would not be improperly and dangerously sensitive and would not explode; yet that the defendant, disregarding its said duty, then and there carelessly and wrongfully required the plaintiff then and there to perform said process of anviling said primers and emptying them into said sieve, which said primers were then and there so insufficiently, defectively, carelessly, and negligently manufactured and constructed and of such unfit and defective material that they were over sensitive and dangerous, and liable to explode with the most careful and prudent handling while they were being anviled and emptied as aforesaid, which greatly endangered the life of the plaintiff; that said sieve then and there contained other primers with said substance or mixture therein, which said primers had been dried, anviled, and emptied as aforesaid, and which were then and there insufficiently, defectively, carelessly, and negligently manufactured and constructed as aforesaid, and of unfit and defective material as aforesaid, and which by reason thereof were then and there over sensitive and dangerous and liable to explode with the most careful and prudent handling as aforesaid and while being handled and emptied as aforesaid, all of which was then and there unknown to the plaintiff but well known to the defendant; and that while the plaintiff was in the careful and prudent performance of her duties in emptying certain of said primers into said sieve after she had anviled the same, said primers that she was so emptying and the primers in said sieve, solely by reason of such defective, careless, and negligent construction and unfit material, and without fault or negligence on her part, then and there exploded with great force, and caused the injury complained of.

The declaration is demurred to generally, and the demurrer specialized by the assignment of divers causes. The demurrer was sustained and the declaration adjudged insufficient, to which the plaintiff excepted.

The claims made by the defendant in its brief, that facts

must be alleged from which the court can say that the defendant owed the plaintiff a duty tortuously violated; that in an action of tort it is essential that the act complained of should be legally wrongful as regards the party complaining; and that if the declaration fails to allege a duty to be observed by the defendant that embraces protection to the plaintiff from a violation of that duty it is fatally defective—, may be taken for present purposes as well founded. The defendant also claims that the plaintiff assumed the risk because the declaration states that in the manufacture of the primers the fulminate put into them was explosive and that the plaintiff contracted to co-operate in the acts of service in making them, and so the proximate cause of the injury was an act of manufacture, and therefore that the facts set up contradict the allegation that she did not known that the primers were liable to explode, for the facts impute to her by operation of law the knowledge that the declaration alleges the defendant had. But this claim is erroneous as stated, for it makes the explosiveness an ordinary risk, existing without fault of the defendant, and therefore assumed by the plaintiff, whereas the allegation, when fully stated and fairly interpreted, makes the explosiveness an extraordinary risk, existing by the fault of the defendant, and known to it but unknown to the plaintiff, and therefore not assumed by her. *Dunbar* v. *Central Vt. Railway Co.*, 79 Vt. 474, 65 Atl. 528.

The defendant further claims that although the declaration alleges a duty to manufacture safely and of safe material, yet it alleges no breach of that duty and therefore is insufficient. But it does allege a breach, for immediately following the allegation of duty, it alleges that the defendant, disregarding its said duty, then and there carelessly and wrongfully required the plaintiff then and there to perform said process of anviling said primers and emptying them into said sieve, which said primers were then and there so insufficiently, defectively, carelessly, and negligently manufactured and constructed and of such unfit and defective material that they were over sensitive and dangerous and liable to explode with the most careful and prudent handling as aforesaid and while being anviled and emptied as aforesaid, all of which was then and there well known to the defendant but unknown to the plaintiff.

It is further claimed that an omission to allege either negligent performance or negligent non-performance of the duty alleged, is fatal; that the allegation of duty is material and cannot be rejected as surplusage; that he who consents is not injured; that the plaintiff must allege a breach of duty owed to himself; and that a servant cannot recover for injuries received from a risk contracted for and assumed. But these claims are only the general principles from which specific objections to the declaration are taken, and those objections being answered, the principles themselves as such need not be considered.

It is further claimed that the negligent acts complained of are not set out in traversable form, for that on the plea of not guilty it could not be told whether the issue would be negligence of manufacture or negligence in furnishing unfit material. But it is plain that the issue would be both, as both are alleged.

The last and only other claim is, that it is elementary that the declaration must allege that the defendant's negligence was the sole cause of the injury, and here the declaration alleges that.

*Judgment reversed, demurrer overruled, declaration adjudged sufficient, and cause remanded.*