MANLEY BLAISDELL *v*. DEAN P. BLAKE
January Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed February 6, 1940.

124

*M. G. Leary, F. S. Bedard, Jr.,* and *P. C. Warner* for the defendant.

*Sylvester & Ready* for the plaintiff.

BUTTLES, J. This is an action in tort for negligence in failing to provide the plaintiff, a servant of the defendant, with a safe place in which to work, and in starting an unguarded circular saw without warning to the plaintiff when the latter, by direction of the defendant, was working so near the saw that putting it in motion endangered his life and limb. The accident occurred on September 21, 1937, in the yard of defendant's home farm in Fairfax. Defendant, plaintiff and another employee were engaged in relocating and setting up a wood sawing rig which consisted of a wooden frame and table across the top of which there was an arbor or shaft with a circular saw mounted at one end and a pulley at the other. A tractor furnished power to the saw by means of a belt running from a pulley on the tractor to the pulley on the saw rig.

The saw rig had been moved to the desired location and staked down and the belt placed over both pulleys. It was then necessary to get the tractor in such position that the two pulleys would be the proper distance apart and in proper alinement. After this had been accomplished by such moving of the tractor back and forth as might be necessary the tractor had to be made stationary by setting the brakes or blocking the wheels. Whether the process of alinement and setting the brakes or blocking the wheels had been completed when the accident occurred is in dispute, but it is undisputed that the plaintiff, when injured, had taken a position near the saw in order to direct the movement of a truck which was backing toward the saw to receive a load of sawed wood. While the plaintiff was signaling the driver of the truck with his left arm and hand the arm came in contact with the saw and the injury of which he complains was inflicted. The defendant operated the tractor during the process of alinement from the seat thereon where he was still seated when the plaintiff was injured. Trial was by jury with verdict and judgment for the plaintiff and the case comes here on the defendant's exceptions.

The defendant excepted to the denial of his motion for a directed verdict and to the denial of his motion to set aside the verdict. The grounds upon which he relies in support of both motions are that the evidence, viewed in the light most favorable to the plaintiff, showed that the plaintiff assumed the risk, and failed to show that he was not guilty of contributory negligence.

An extraordinary risk existing by the fault of the defendant is not assumed by the plaintiff unless he knows and comprehends it or it is so plainly observable that he will be taken to have known and comprehended it; then, in either case, he cannot recover. *Dunbar* v. *Central Vermont Ry. Co.*, 79 Vt. 474, 476, 65 Atl. 528; *Dumas* v. *Stone,* 65 Vt. 442, 25 Atl. 1097. Hence want of such knowledge and comprehension is an essential element of the plaintiff's case, and consequently the burden is on him to negative them, otherwise he would be taken to have assumed the risk and could not recover. · *Dunbar* v. *Central Vermont Ry. Co., supra*; *McDuffee's Admx.* v. *Boston & M. R. R. Co.*, 81 Vt. 52, 69, 69 Atl. 124, 130 Am. St. Rep. 1019; *Barney's Admx.* v. *Quaker Oats Co.*, 85 Vt. 372, 382, 82 Atl. 113. Plaintiff's evidence tended to show that he was directed by the defendant to stand in the exact place where he was standing when hurt; that when he took that position the process of alinement had been completed and the saw was not running and was not put in motion until the moment of his injury; that while the plaintiff was standing with his back to the saw and with his arm raised to signal, the defendant started the saw without warning to the plaintiff and caught his upraised arm inflicting injury. From the evidence the jury could find that the risk was an extraordinary one, existing by the fault of the defendant, and that it was not assumed by the plaintiff because he did not know and comprehend it and it was not so obvious that he will be taken to have known and comprehended it.

The burden of proving freedom from contributory negligence was, of course, on the plaintiff, but it was not necessary that the plaintiff should introduce evidence distinctly directed to that matter. The requisite inferences might be drawn from evidence of a more general character. *Ryder* v. *Vermont Last Block Co.*, 91 Vt. 158, 166, 99 Atl. 733; *Higgins, Admr.* v. *Metzger,* 101 Vt. 285, 294, 143 Atl. 394. From what has been said it is apparent that, with the evidence standing as it did, the jury was not precluded from finding that the plaintiff was not guilty of negligence which contributed proximately to cause the injury. There was no error in the denial of these motions.

The defendant excepted to the denial of his motion in arrest of judgment, briefing only the claim that the motion should have been granted because the declaration alleged a re-

lationship of master and servant between the parties to the cause and failed to allege nonassumption of the risk. But the plaintiff by an amendment to his declaration alleged that he "had no knowledge or warning that said saw was to be put in motion while he, the said plaintiff occupied the position in close proximity of said saw, which position he had assumed at the direction of the defendant, and had no knowledge that said saw was to be put in motion by the said defendant until he, the said plaintiff, had removed from said position taken at the direction of the said defendant." Suffice it to say that this was a sufficient allegation of plaintiff's ignorance of the conditions and dangers surrounding him when injured, from which the conclusion of nonassumption of the risk necessarily followed, and it was not necessary to allege that conclusion. *Pette's Admr.* v. *Old English Slate Quarry*, 90 Vt. 87, 92, 96 Atl. 596; *Brainard* v. *Van Dyke*, 71 Vt. 359, 361, 45 Atl. 758; *Fowlie's Admx.* v. *McDonald, Cutler & Co.*, 82 Vt. 230, 238, 72 Atl. 989.

The court charged in effect that the jury might apply the doctrine of *res ipsa loquitur* in aid of the plaintiff's case. The defendant excepted to that portion of the charge having to do with that doctrine on the ground that said doctrine does not apply to this case; that the evidence in the case shows that the accident was explainable. The meaning of course is that *res ipsa loquitur* cannot here be invoked, because the evidence in the case is sufficient to explain the accident.

While the authorities are not in agreement as to the circumstances and conditions under which the doctrine may be invoked, and it has been held in this and in other states that if the case is otherwise one for the application of the doctrine, the plaintiff, by pleading the particular cause of the accident, in no wise loses his right to rely upon it, *Stewart* v. *Barre and Montpelier P. & T. Co.*, 94 Vt. 398, 401, 111 Atl. 526; 20 R. C. L. 187, sec. 156, yet the law undoubtedly is that where all the facts attending the injury are disclosed by the evidence and nothing is left to inference the doctrine of *res ipsa loquitur* has no application. 20 R. C. L. 188; *Chiles* v. *Ft. Smith Commission Co.*, 139 Ark. 489, 216 S. W. 11, 8 A. L. R. 493, 498; *Gibson* v. *International Trust Co.*, 177 Mass. 100, 103, 58 N. E. 278, 52 L. R. A. 928; *Cook* v. *Newhall*, 213 Mass. 392, 101 N. E. 72. See, also, 45 C. J. 1206; *Sweeney* v. *Erving*, 228 U. S. 233, 57

L. Ed. 815, 33 Sup. Ct. 416, 418, Ann. Cas. 1914D 905, and *Riggsby* v. *Tritton,* 143 Va. 903, 129 S. E. 493, 496, 45 A. L. R. 280, 285, where the court said: "It is a rule of necessity to be invoked only when necessary evidence is absent and not readily available. On the other hand it is not to be invoked when the evidence is in fact available, and, *a fortiori,* not when it is actually presented."

It is true that in *Humphrey* v. *Twin State Gas & Elect. Co.,* 100 Vt. 414, 424, 139 Atl. 440, 56 A. L. R. 1011, this Court said that by alleging specific acts of negligence and giving or offering evidence tending to support them the plaintiff did not forfeit his right to rely upon the maxim. But this is followed by the statement that by pleading more facts than he needed to the plaintiff did not obligate himself to prove them and did not estop himself by failing in his proof of such allegations. In that case it appeared that the plaintiff's injury was due to the breaking of a tie wire which permitted a heavily charged wire of the defendant's to sag against a wire fence with which the plaintiff came in contact. But the plaintiff's evidence failed to disclose whether the negligence attributed to the defendant lay in the insufficiency in size and strength of the tie wire, in lack of guying or in some other shortage of duty with respect thereto, and it was held that *res ipsa loquitur* was properly invoked. So the statement referred to does not mean that the maxim can be applied where all the facts are disclosed by the evidence and nothing is left to inference. In *Moore* v. *Grand Tr. Ry. Co.,* 93 Vt. 383, 108 Atl. 334, plaintiff was injured because of the starting in motion of a locomotive which had been stationary. The evidence did not show whether the starting was due to the brakes not being properly set, or to the lever or the throttle being left in improper position, and the court said that the unsuccessful attempt of the plaintiff to show the precise act of negligence did not prevent him from relying on the doctrine of the maxim.

■■■ In the present case it appeared that the defendant, from the seat on the tractor, where he remained, had set in motion both the motor and the saw and that the motor continued to run until after the accident. The plaintiff's evidence was to the effect that the saw had been stopped and was started again, as we have stated, without warning to the plaintiff. The defendant's evidence tended to show that both the motor and the saw

were running continuously from the time they were first started until the accident occurred, and that no instructions were given to the plaintiff as to where he should stand or that he should direct the backing of the truck. A clear cut issue of fact was thus presented to the jury. There was nothing to suggest that the saw was or could have been started otherwise than by the defendant's manipulating the starting lever. All the conditions attendant on the occurrence were fully observed and testified to by the witnesses and the case should have been made to depend upon whether the account of the occurrence given by the plaintiff's or that given by the defendant's witnesses should prevail. *Baldwin* v. *Smitherman,* 171 N. C. 772, 88 S. E. 854. To instruct the jury, in effect, that they might give the plaintiff the benefit of the *res ipsa loquitur* doctrine in addition to considering his evidence was error.

As the case must be reversed it is unnecessary to consider the exception taken to the failure of the court to instruct the jury, in the main charge, that the plaintiff had the burden of showing nonassumption of risk. Neither is it necessary to consider whether this shortage was cured by what was said in the supplemental charge, or if not so cured whether the defendant had an adequate exception to such supplemental charge, since these questions are not likely to arise again.

*Judgment reversed and cause remanded.*