### WOLF HERSCHENSOHN v. MAX WEISMAN.

In an action for negligently operating an automobile the defendant's reply to a remonstrance that he was operating recklessly, "Don't worry, I carry insurance for that," is relevant on the issue of his recklessness.

Whether justice requires that a trial should be stopped because of the admission of certain evidence is for the determination of the trial court.

A party has no right to complain of a charge too favorable to himself.

CASE, for negligence. Trial by jury and verdict for the plaintiff. The plaintiff was injured in an accident while riding in the defendant's automobile. The facts are sufficiently stated in the opinion. Exceptions were taken by the defendant to the refusal of the court to discontinue the trial, and to the charge. A bill of exceptions was allowed by *Kivel*, C. J., at the April term, 1922, of the superior court.

*Warren W. James* and *Sullivan & Daley* (*Mr. James* orally), for the plaintiff.

*Rich & Rich* (*Mr. George F. Rich* orally), for the defendant.

PLUMMER, J. The plaintiff's evidence tended to prove that the defendant operated his automobile in which the plaintiff was riding in a careless and dangerous manner and at an excessive rate of speed; that the plaintiff and other passengers in the car remonstrated with him about his reckless driving; that in descending a hill at an excessive rate of speed the defendant lost control of his car, which overturned,

and the plaintiff was injured. The defendant denied that he operated the car carelessly or drove at an excessive rate of speed.

During the direct examination of the plaintiff, he was asked if he said anything to the defendant while riding with him about his careless driving. The plaintiff replied that he had the following conversation with him: "Mr. Weisman, you ought to be a little more careful about it. You may have an accident. You are liable to kill somebody." The defendant replied: "Don't worry, I carry insurance for that."

Thereupon the defendant requested the court to order a mistrial because the plaintiff's answer had informed the jury that the defendant had liability insurance. The court denied the request, and the defendant excepted.

The court in the charge instructed the jury in substance that the conversation between the plaintiff and defendant was admitted as acknowledging liability, and for no other purpose, and that the fact that the defendant carried liability insurance had nothing to do with the case, and that they were not to consider it. The defendant excepted to that part of the charge relating to liability insurance. Neither of the exceptions of the defendant can be sustained because the statement of the defendant to the plaintiff ("Don't worry, I carry insurance for that") was competent evidence.

If it be assumed that generally the plaintiff in an action for negligence may not show the defendant carried liability insurance, a point not now necessary to determine, in this case, the words of the defendant relating thereto, given their usual meaning, demonstrate their competency as evidence. The question under consideration was the negligence of the defendant in operating his automobile. When the plaintiff remonstrated with him and admonished him to be more careful, his reply indicated that he was not concerned about his recklessness because he was protected by liability insurance. His attitude as disclosed by his words imply that he would be likely to exercise a less degree of care in operating his automobile for the reason that an insurance company would be called upon to pay for any damages occasioned to others by his reckless and negligent conduct. Consequently the fact that the defendant carried liability insurance was competent and important evidence bearing directly upon his negligence. "Any matter of fact, the effect, tendency, or design of which is to produce in the mind a persuasion, affirmative or disaffirmative, of the existence of some other matter of fact, is relevant as an 'evidentiary fact' tending to establish the

'principal fact.' Best, on the Principles of Evidence, 10, 25, 400."
*Hall* v. *Brown*, 58 N. H. 93, 96; *Cleveland, &c. Ry Co.* v. *Closser*,
126 Ind. 348.

"Evidence having any tendency, however slight, to prove a par-
ticular fact, is competent to be submitted to the jury to show that
fact." *Wright* v. *Woodward*, 79 N. H. 474; *Eaton* v. *Welton*, 32
N. H. 352; *Tucker* v. *Peaslee*, 36 N. H. 167, 179; 10 R. C. L. 928.

The exception of the defendant to the refusal of the court to
discontinue the case upon the introduction in evidence of the above
related conversation between the parties cannot be maintained for
the reason that it was competent evidence. Furthermore, it was a
question of fact for the determination of the trial court whether
justice required that the trial should be stopped. *Wentworth* v.
*Jefferson*, 60 N. H. 158; *Morrill* v. *Warner*, 66 N. H. 572; *Burnham*
v. *Stillings*, 76 N. H. 122.

That part of the charge to which the defendant excepted was more
favorable to him than was warranted by the evidence. The evi-
dence relating to the liability insurance being competent, the plain-
tiff was entitled to an instruction that the jury might consider that
fact in determining the defendant's negligence.

The defendant certainly has no ground for complaint because the
court instructed the jury that they were not to consider the fact
that he carried liability insurance.

*Exceptions overruled.*

Young, J., was absent: the others concurred.