Coös,
June 1, 1938.

ARTHUR LEGERE *v.* NEW ENGLAND FURNITURE CO.

CLARIDA FONTAINE *v.* SAME.

*Matthew J. Ryan, Jean L. Blais,* and *Crawford D. Hening* (*Messrs. Blais* and *Hening* orally), for the plaintiffs.

*Murchie, Murchie & Blandin* (*Mr. Alexander Murchie* orally), for the defendant.

ALLEN, C. J. The plaintiffs were coasting northerly down Burgess Street along its center at a speed estimated at from 30 to 35 miles an hour. After passing Merrimack Street, which intersects Burgess Street, their sled veered towards the left, passing the intersection of Burgess and Strafford Streets not far from its southwest corner and then continuing diagonally in its course to the left until its collision with the defendant's truck on the northerly side of Strafford Street not far westerly from Burgess Street. The truck had turned to the right to enter Strafford Street from Burgess Street on which it had been driven southerly. Its speed on Burgess Street, and on its turn into Strafford Street, was estimated at different rates, but as it turned, the speed was reduced. The speed of the sled after veering to the left on Burgess Street was reduced. When the collision took place, both the truck and the sled had nearly stopped.

The defendant's driver testified that he first saw the sled as he was making the turn into Strafford Street and when the sled was on Burgess Street close to the southerly line of its intersection with Strafford Street. He testified that he applied the brakes immediately, and that it was "only a second or so" from his first notice of the sled until the collision. If this testimony were believed, clearly the last chance doctrine would be inapplicable. If it were rejected, conclusions contrary to it would not thereby be permitted; and a failure of evidence to show that a last clear chance was given, would follow.

The inquiry, therefore, is whether other evidence was introduced which tended to show that the driver was negligent after he realized that the plaintiffs could do nothing to escape their danger. *Clark* v. *Railroad*, 87 N. H. 36, 38.

Oral argument has been made that the driver had abundant time in which to act after the sled commenced its course towards the left on Burgess Street. If it could be inferred that he saw the sled sooner than he testified, it would yet be conjectural whether he realized the helpless situation of the plaintiffs before he commenced to turn into Strafford Street. The veer of the sled to the left would not be enough to support a finding that it indicated to the driver of the truck loss of its control. It is not reasonably to be inferred that the driver appreciated the steersman's inability to straighten the course of the sled and turn it to the right side of Burgess Street, or that the sled might not be seasonably stopped, or in some manner be kept out of the path of the truck. Admittedly paying attention to making his turn into Strafford Street, only by arbitrary assumption could the driver be found to be aware that he alone could take saving action before he was turning. The last chance rule requires such awareness and may not be invoked when only a breach of duty to be aware is shown.

The plaintiffs make a further argument of intensive analysis in undertaking to show sufficiency of time for the driver to avoid the collision after he began to turn his truck to enter Strafford Street. As he testified, it was when this turn had begun that he first observed the plaintiffs. He at once appreciated the need of effort to avoid a collision. Whether he also then realized that the plaintiffs were helpless to do anything to save themselves from injury, does not appear. Nor was the driver's speed at that time clearly shown. The steersman of the sled made an approximate estimate of 10 to 12 miles an hour. The driver's estimate was half as much.

The evidence is insufficient to show to reasonable satisfaction that he was unduly slow in taking action. It is a matter of common knowledge that estimates of speed are largely speculative, and usually unreliable and inaccurate in comparison with measurements. *Johnson* v. *Director-General*, 81 N. H. 289, 291, 292; *Clark* v. *Railroad*, 87 N. H. 434, 439. The observation is especially applicable to the test of the distance within which a truck like that of the defendant could be stopped from varying rates of speed. At the time of the accident the streets were slippery with hard packed snow. The evidence of similar physical conditions is at best confusing. The

testimony of the witness making the test was that it was not made at the street corner where the accident happened, that there was no snow on the street at the time of the test, and that he did not know how the road surfaces at the times of the accident and the test compared, but if it were to be assumed that the test was made under substantially similar physical conditions, the difference of mental attitude between the defendant's driver and the tester invalidates the evidentiary strength of the test. The former was called upon unexpectedly to stop, while the latter was prepared. Timely warning and readiness to act produce more prompt action than sudden warning and unreadiness. Expectation of notice incites readiness, whereas demand for instant action without time for preparation to take the action is naturally not so promptly complied with. Allowance is to be made for some difference of time for acting when one is taken off one's guard and when one awaits the signal.

Assuming the driver's speed as he turned the corner to enter Strafford Street to be not over 5 or 6 miles an hour, he was then proceeding at about 8 feet a second. If he traveled about the length of the truck, or 12 feet, from the time he first observed the sled to the time the brakes were set, a second and a half was thus employed to observe the sled, realize the need of immediate action, take the action, and have it become operative. There is no evidence that he took more time. The truck was then stopped within a distance of 5 to 10 feet, but the evidence of the test has only speculative weight to show that the driver did not apply the brakes with due promptness. No ordinary driver could be expected to do better, there being no notice of the danger before it was observed as the driver was turning his truck. "The plaintiff's position defies the natural limitations on the speed of the mental and physical activities of human beings." *Morrison* v. *Railroad*, 86 N. H. 176, 180. The last chance rule requires that there be a clear opportunity to avoid the accident. *Ramsdell* v. *Company*, 86 N. H. 457, 472. The case fails in tending to show that such opportunity existed.

*Judgments for the defendant.*

All concurred.

ON MOTION FOR REHEARING. After the foregoing opinion was filed the plaintiffs moved for a rehearing.

*Jean L. Blais, Crawford D. Hening* and *Matthew J. Ryan*, by brief, for the motion.

ALLEN, C. J. As stated in the opinion, it did not appear that when the driver of the truck first appreciated the need of effort on his part to avoid a collision, he also realized that the plaintiffs could themselves do nothing in saving action. One ground of the motion challenges this conclusion. Further consideration of the evidence confirms the conclusion.

The driver's first sight of the plaintiffs showed not much more than their presence, location, and direction of travel. How rapidly they were traveling could not be estimated until some duration of observation. Nor was their inability to swing their sled more to the left than they did indicated at first sight. If the driver saw them in the act of dragging their feet on the snow, some control and lessening of speed would be a natural inference to be drawn. While it may not be found that he did thus see them, the plaintiffs have the burden of proof to show that he did not. That it was apparent to the driver that the plaintiffs could not swing more to the left than they did, is not a reasonable finding. A slightly more acute swing would have avoided the collision which occurred, and it is an unwarranted assumption that the driver realized that the swing was at its extreme degree of acuteness when he first noticed the plaintiffs.

He was aware of a danger in which he was required to act, but he is not shown to have been aware that the plaintiffs could not also act or that they were oblivious to the danger. So far as he observed, it is wholly speculative to find that his observation told him they could do nothing. It is as fair to say that he thought the collision could be avoided only if both he and they acted as to say that he thought he alone could act. Upon the evidence, awareness of the need of action had no tendency to prove awareness that action of the plaintiffs might not also be needed but would or could not be taken.

It cannot properly be found that the driver realized that the plaintiffs could do nothing merely because he realized that he must do something. At best, his state of mind, in thought of saving action by the plaintiffs, is undisclosed.

Conceding that at some indefinite time after he first observed the plaintiffs and at some indefinite point after he applied or began to apply his brakes he realized their self-helpless state, it is only a con-

jectural conclusion that he then carelessly omitted or delayed saving action.

Since evidence of an element of the last chance rule is thus lacking, the remaining grounds of the motion are unconsidered. They rest upon an unsupported premise.

*Former result affirmed.*

All concurred.