Merrimack,
May 7, 1940. } No. 3145.

## CHRISTY HOWE *v.* JOHN B. JAMESON.

### WILLIAM HOWE *v.* SAME.

56

*Laurence I. Duncan* and *Robert W. Upton* (*Mr. Duncan* orally), for the plaintiffs.

*Demond, Sulloway, Piper & Jones* (*Mr. James B. Godfrey* orally), for the defendant.

ALLEN, C. J.    The defendant's agent who had been in charge of the hall as its janitor and otherwise for many years was permitted to testify whether he had ever had notice of any accident to anyone from a chair.    The evidence was received solely to show his knowledge or ignorance of an accident.

The defendant's duty to anticipate an accident was in issue.    On the issue evidence of ignorance of dangerous conditions was competent in defence.    And lack of notice of accidents therefrom to one who would naturally have notice of any occurring was relevant to show his ignorance.    Without knowledge of dangerous conditions the duty of anticipation might be found not to exist, whereas with it the duty might be charged.

While the plaintiffs now assert that no claim of such notice was made at the trial, yet they did not openly disclaim it nor did they admit the defendant's ignorance of dangerous conditions.    The evidence that no accident had ever been brought to notice, being material on the issue of ignorance, was therefore not to be excluded.

The plaintiffs' claim was in part that the thresholds holding the chairs in place were unsafe and the spacing between the rows of chairs inadequate. Their maintenance was charged as negligent and as explaining the plaintiff's contact with the chair claimed to be defective. The conditions relating to the thresholds and the spacing between the rows of chairs were of long standing. There were thus constants to which many persons over an extended period of years had been exposed, and the variant of a defective chair did not create an independent and distinct cause of injury. It follows that many others had experienced the factors of constancy causative, in essential part, of the plaintiff's injury, and ignorance of their dangerous condition, of which no notice of accident therefrom was evidence, was of bearing in passing upon the care due the plaintiff.

No use of the evidence as hearsay was allowed. The limitation of its purpose to show lack of knowledge excluded any conclusion from it that no previous accident had happened.

The evidence was competent on the same ground as that held admissible in *Ferryall* v. *Youlden*, 76 N. H. 548.

The exception to the charge rests on the claim that the jury either were given to understand or might infer from the charge that "conditions generally found and maintained under similar circumstances" tested due care, when the proper test is of reasonable safety. In support of their position the plaintiffs rely on the principle stated in *Bouley* v. *Company*, 90 N. H. 402, to the effect that while general practice and custom may be evidence of due care, it is not the standard of conduct which the law requires.

When the instruction relating to care is analysed in its entirety, it is thought that it stated the law in correct terms and that the jury correctly understood it. The requirement of reasonable safety and the standard of the conduct of persons of average prudence were each stated three times. The statement of a requirement of "what would be generally expected to be ordinarily safe," as short of a need of the safest methods and equipment, conveyed no meaning other than of reasonable safety. Considered in connection with the paragraph preceding it, the final paragraph of the instruction is fairly construed as a direction to test liability according to the standard of persons of average prudence. The instruction, paraphrased, was that if customary conditions were maintained, there was no liability provided they met the demands of due care, while otherwise there would be recovery. The qualifying clause being stated as a denial of liability, its omission in the contrasting statement of a finding which would

demand recovery, is not found to have been of any significance to those to whom the statement was addressed. This is the fair import of the instruction, and it is not thought that its form and phraseology tended to mislead or confuse the jury.

If "a meticulous grammatical analysis of the words used lends some support to" (*Gaudette* v. *McLaughlin*, 88 N. H. 368, 373) the plaintiffs' contention, yet "Taking into account the charge as a whole, there is no 'probability that the language may have conveyed to the jurors an erroneous conception of the law'. *West* v. *Railroad*, 81 N. H. 522, 533" (*Peppin* v. *Railroad*, 88 N. H. 145, 153).

The plaintiffs' assignments of error being unsustained, the defendant's exceptions present moot inquiry.

*Judgments on the verdicts.*

All concurred.