GEORGE BRITTON, *by his next friend* AGNES BRITTON,

*v.*

SIDNEY H. GLASS.

JOSEPH W. MILLER *v.* SAME.

*Thomas J. Leonard* (by brief and orally), for the plaintiffs.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Wyman* orally), for the defendant.

BRANCH, J. There was evidence tending to prove the following facts.

The accident happened upon November 9, 1938, at the intersection of Concord and Orange streets in the city of Nashua. The motorcycle upon which the plaintiffs were riding approached the intersection on Concord Street from the north. The truck, operated by

the defendant, approached the intersection on Orange Street from the east and stopped on the easterly side of Concord Street to allow the passage of northbound traffic which at the time in question was extremely heavy. It then proceeded across Concord Street at a speed of from 5 to 10 miles per hour and was in collision with the motorcycle when the truck was close to the curb on the westerly side of Concord Street.

The plaintiff Miller testified that when he first saw the truck, the motorcycle was "two feet beyond the center of the intersection" and that the front of the truck was then ten feet "past the center line of Concord Street." With the two vehicles in this position, the same witness testified that they were "about twenty feet" apart. The motorcycle was proceeding south at a speed of from 10 to 15 miles per hour.

The plaintiffs apparently adopt the foregoing testimony regarding the situation immediately preceding the collision as being most favorable to their contention, for in their brief we read as follows: "No complaint is made of the defendant's conduct until the motor-cycle got beyond the extension of the center line of Orange Street on the west and the truck got on or beyond the center line of Concord Street." The only claim of negligence advanced by the plaintiffs is that, in the situation above described, the defendant could, and should have stopped the truck in season to give the plaintiffs the right of way and allow the motorcycle to pass in front of it. A consideration of the time element here involved precludes the adoption of this view.

The plaintiff Miller testified that he kept "going along" and did not apply his brakes until the motorcycle was within 3 or 4 feet of the truck, when a collision was, of course, unavoidable. At a speed of from 10 to 15 miles per hour, the time necessary for the motorcycle to cover the space of 20 feet between it and the truck would be from 4/5 of a second to 1 1/3 seconds. If, as the plaintiffs contended, the truck did not cross Concord Street at a right angle but was turned somewhat to the north, from which direction the plaintiffs were approaching, this time would be still further reduced. The argument that during this brief space of time the defendant should have seen the motorcycle, sensed the danger, realized the necessity for stopping and brought his truck to a stop "defies the natural limitations on the speed of the mental and physical activities of human beings." *Morrison* v. *Railroad*, 86 N. H. 176, 180; *Legere* v. *Company*, 89 N. H. 423, 426. "The time was too short for any-

thing but instinctive action, and action under such circumstances 'cannot be said to be careless unless the actor is shown to be unfit to act' in such an emergency." *Miller* v. *Daniels*, 86 N. H. 193, 196, and cases cited.

The order of the Presiding Justice was correct.

*Exceptions overruled.*

All concurred.