Strafford,
Nov. 4, 1947. } No. 3676.

ROLAND LABRECQUE *v.* EDWARD R. CHILDS, JR.

*William H. Sleeper* and *Robert Shaw* (*Mr. Sleeper* orally), for the plaintiff.

*Devine & Millimet* (*Mr. Millimet* orally), for the defendant.

DUNCAN, J. The evidence indicates that the defendant's Dodge pick-up truck was parked at right angles to the curb on the southerly side of Washington Street, approximately ninety feet east of the easterly side of Locust Street, the nearest intersecting street to the west. The truck was partially obscured from the view of east bound traffic by two automobiles, similarly parked, toward the west. West of Locust Street, Washington Street has a width of forty-six feet, and east of Locust Street widens to sixty-five feet, the additional width being on the south side. The defendant's truck was nearly fifteen feet long, over all.

Construing the evidence most favorably to the plaintiff, it could be found that after making a stop westerly of Locust Street, he proceeded easterly on Washington in a course approximately twenty-seven feet north of the southerly curb at which the defendant's truck was parked. As he was leaving the intersection, he shifted his motorcycle into second gear, continuing at a speed of about fifteen miles an

hour. When he was thirty-five to forty feet from the defendant's truck, he first saw it starting out from the curb with no prior signal of the defendant's intention. The plaintiff applied a handbrake which operated on the front wheel of the cycle, and as the truck gave no indication of stopping, applied his rear service brake and undertook to swing to the left. The vehicles were then only ten or twelve feet apart. The rear of the truck, which had swung somewhat toward the northwest, struck the rear of the cycle, throwing the plaintiff to the street. A tire mark made by the cycle was found to be twelve and one-half feet long, beginning twenty-eight and one-half feet from the southerly curb and ending twenty-seven feet from it.

The evidence of the defendant's negligence is confined within narrow limits, and rests wholly upon the testimony of the plaintiff and three eye witnesses. The plaintiff testified that the truck started to come out "kind of quick," without warning, and surprised him by backing into the road "quick." A witness who was waiting to cross from the northeast corner of the intersection testified that the truck came out from the curb "quite fast" and that he himself "wouldn't back up that fast." A second witness was unable to say "just how fast he did come out," and a third testified that the truck backed out "rapidly." There was no other evidence concerning the defendant's conduct.

Undoubtedly there are cases where evidence that a vehicle traveled "fast" or "very fast" has been considered too indefinite to warrant a finding of excessive speed, and standing alone held to present no question for a jury. See, 10 Blashfield, Cyclopedia of Automobile Law and Practice (Perm. *ed.*) *s.* 6559; Part I, *p.* 331; *Whalen* v. *Mutrie,* 247 Mass. 316. Under the circumstances disclosed in this case, however, we think the evidence was sufficient to warrant a finding of negligence. "Quite fast," "quickly," and "rapidly," are antonyms of "slowly." As used in the testimony they imported lack of caution. It should not be held as a matter of law that one who without warning backs an automobile rapidly from behind other parked vehicles into a principal thoroughfare where approaching traffic is to be anticipated does so in the exercise of due care, and cannot reasonably be deemed negligent. See, 2 Blashfield, *supra, s.* 1101; *Pease* v. *Gardner,* 113 Me. 264; *Lee* v. *Donnelly,* 95 Vt. 121.

In the situation in which the defendant acted, any movement rapidly made was unlikely to afford approaching traffic a warning sufficient to permit avoidance of collision. The defendant, seated on the left of his truck, could have had little opportunity to observe

traffic from the west until his truck was partially in the eastbound lane. Nevertheless, it is a fair inference that he could have seen by the cars parked on his right when his truck was several feet nearer the curb than the twelve feet over which it could be found to have traveled. Had he proceeded cautiously, stopping when he could see and be seen past adjacent cars, but before reaching the lane where eastbound travel was to be expected, or if he had given some other warning, his purpose to enter the lane would have been foreseeable and the accident might have been avoided. His conduct could be found not unlike that considered in *Fine* v. *Parella*, 92 N. H. 81, and *Tufts* v. *White*, 92 N. H. 158: driving "where he could not see ahead at a speed in disregard of precaution to avoid dangers in the form of obstructions whether innocently or negligently in his path." *Fine* v. *Parella, supra*, 83.

With respect to the defendant's negligence the case differs in no material respect from that of *Halley* v. *Brown*, 92 N. H. 1, where motions for a nonsuit and directed verdict were held properly denied. See also, *Lee* v. *Donnelly, supra*.

Nor does this case differ essentially from the *Halley* case so far as the issue of contributory negligence is concerned. The burden of proof was upon the defendant. There was evidence that the plaintiff was surprised by the defendant's sudden exodus, even though recognizing its possibility; and that he took some care for his own safety. There was no evidence that he should have seen the truck sooner. It could be found that the time available for action was at most two and a fraction seconds, and that he was called upon to act in an emergency, if not instinctively. *Kardasinski* v. *Koford*, 88 N. H. 444, 447; *Morin* v. *Morin*, 89 N. H. 206, 208, 209. Whether in operating a vehicle which could be found likely to overturn on a sudden change of course with the brakes applied, the plaintiff was negligent in failing to avoid collision by turning sooner to his left was for the jury to determine in the light of all the evidence. The plaintiff testified that he did all that he could to avoid the accident. Whether that was all that a man of average prudence would have done under the circumstances was a jury question. *Halley* v. *Brown, supra; Holt* v. *Grimard, ante*, 255, 258.

*New trial.*

All concurred.