Merrimack, Feb. 1, 1949. } No. 3735.

MAY G. McLEOD, *Ex'x v.* ROCCO CAPRARELLO.

*Frederic K. Upton* and *Robert W. Upton* (*Mr. Frederic K. Upton* orally), for the plaintiff.

*Murchie & Murchie* and *George P. Cofran* (*Mr. Cofran* orally), for the defendant.

BLANDIN, J. The test to determine the worth of the plaintiff's exceptions to the Court's instructions is to inquire if they stated the law correctly and if it is "reasonably certain the jury understood them." *Davis* v. *State*, 94 N. H. 321, 323, and cases cited. In our opinion the charge, which must be read as a whole (*Theobald* v. *Shepard*, 75 N. H. 52, 57; *Gaudette* v. *McLaughlin*, 88 N. H. 368, 373) meets this test. *Howe* v. *Jameson*, 91 N. H. 55, 58. After proper instruc-

tions that the plaintiff's own negligence would bar her recovery, even though the defendant were negligent, the jury were twice correctly instructed that in spite of the plaintiff's own fault if the defendant knew of her presence, knew that she was in danger and could not save herself and if he then could have prevented the accident by ordinary care she could recover. *Clark* v. *Railroad*, 87 N. H. 36; *Mack* v. *Hoyt*, 94 N. H. 492, 495, and cases cited. The first time the Court so instructed the jury he spoke as follows: "The law does not permit a person to inflict an injury he can avoid upon one who carelessly exposes himself to danger. If the defendant with knowledge of Mrs. Hering's danger could by the exercise of reasonable care have prevented the injury, he was bound to do so, and his breach of duty would be the legal cause of the injury, unless at the time of the injury the plaintiff by the exercise of reasonable care could have avoided it. The defendant was under this duty even though Mrs. Hering's inability resulted from her prior fault or negligence. This principle of law is called the last clear chance doctrine and means what it is designated. In order to apply this doctrine, you must find from the evidence, first, that the defendant was actually aware of Mrs. Hering's presence; second, that the defendant knew that she was ignorant of the danger or unable to extricate herself from it; and third, that after the defendant discovered the situation, he had sufficient time and opportunity to avoid the collision by the exercise of reasonable care. So too, if Mrs. Hering was actually aware of the approach of the defendant's automobile after the defendant was unable to avoid the collision but in season for her to have avoided it by the exercise of reasonable care, then the deceased is to be charged with concurrent negligence and the plaintiff cannot recover." The plaintiff seems to have excepted to the phrase, "unless at the time of the injury the plaintiff by the exercise of reasonable care could have avoided it." Exception was also taken to the last sentence of this instruction. Since the specific requirements for the appliance of the doctrine were twice given to the jury correctly after the first phrase objected to we do not believe they could have been misled by the introductory remarks. The final sentence is taken almost verbatim from *Clark* v. *Railroad*, *supra*, 40, and it is improbable that the jury could have understood this sentence to mean anything except that if the defendant remained ignorant of the danger until too late to do anything about it and the plaintiff awoke to her peril in time to save herself by due care and did not do so she could not recover. It seems to us the instruction reasonably construed correctly stated the law and that

the jury in all probability understood it. The plaintiff's exception therefore fails. *Howe* v. *Jameson, supra.*

In connection with the question raised here it appears opportune to point out that the last clear chance doctrine as originally expressed was a comparatively simple idea comprehensible to both lawyers and laymen. Thereafter the ingenuity of counsel, aided by the courts who must assume their share of responsibility for the present unsatisfactory situation, grafted onto it a series of refinements to the utter confusion of the jury and the despair of the Trial Judge, who must now risk a reversal or give a complicated charge which he knows the jury cannot grasp. A simple, useful principle may be, and too often is split into an infinity of technically correct but subtle and unworkable distinctions. There are indications that this is what has happened to the last clear chance rule. There should come a time when this process yields to the common sense proposition that a principle to be applied by juries is worthless unless they can understand it. We believe there has already been too much hair splitting in defining the last clear chance. Some of the confusion has arisen because of the practice, thought to be for the benefit of the defendant, that after the Court has charged the usual rule as applied to the defendant's liability he then must give the converse to show how it may operate to bar the plaintiff's recovery if he actually has the last clear chance to avoid the accident. This procedure seems to have helped make the whole doctrine a meaningless muddle to the jury without aiding the defendant. Although the matter should remain within the discretion of the Trial Justice, we expect in the future in the ordinary last clear chance case if the law of contributory negligence is first correctly and simply stated and then the three requirements for the last clear chance rule set forth in *Clark* v. *Railroad, supra,* 38, as applied to the defendant only, are added without further elaboration the jury will understand and apply it.

The plaintiff's next exception, that the Court erred in submitting the emergency doctrine because there was no evidence that the emergency affected the defendant's conduct, cannot be upheld. There was evidence on which the jury could find that the defendant was over thirty feet from the plaintiff and that he was going as slowly as ten miles an hour when he realized the danger and that the deceased moving very slowly almost got across before being hit by the right front of the automobile. They might reasonably conclude that a blast on the horn would have accelerated her movements and prevented the accident. See *Peppin* v. *Railroad,* 86 N. H. 395, 400. They

might have believed also that only the emergency prevented the defendant's giving this warning. The case is thus distinguishable from *Frost* v. *Stevens*, 88 N. H. 164, cited by the plaintiff, where it clearly appeared that the emergency had no effect on the defendant's actions and the court so held. Under the circumstances here the jury might have found that the defendant's conduct was adversely affected by the suddenness of the call for action and the instruction was properly given. *Morin* v. *Morin*, 89 N. H. 206, 209; *Labrecque* v. *Childs*, 94 N. H. 451, 453, and cases cited.

The plaintiff finally complains that there was error in the Court's ruling on argument. Counsel in reviewing a witness' testimony said that he heard the "screeching of brakes." Upon the defendant's request that it be stricken out, the plaintiff having chosen to stand on it, the Court said "I will order it to be stricken out. The jury will take their own recollection of the evidence." While various views may be advanced as to what the jury understood by this somewhat contradictory instruction the record shows that plaintiff's counsel was misquoting the evidence. What the witness said was: "I heard the screech of tires. . . . " As pointed out in defendant's brief the noise of tires on the road when the wheels are locked is a different proposition from the screech of brakes which comes while the wheels are still turning. This difference might have a bearing with the jury. It was in the interest of justice that the evidence go to them correctly. Counsel for the plaintiff by asking to have the record read instead of choosing to stand upon the misquotation could have avoided the difficulty and it appears he takes nothing by his exception. *Manning* v. *Company*, 90 N. H. 167, 174, and cases cited; *Weiss* v. *Wasserman*, 91 N. H. 164, 167. No other objections being briefed or argued and none sustainable appearing in the record the order is

*Judgment on the verdict.*

DUNCAN, J., dissented: the others concurred.

DUNCAN, J., *dissenting*. The first instruction to which exception was taken in effect advised the jury that the defendant was liable under the doctrine of the last clear chance, unless the plaintiff was guilty of contributory negligence: "unless at [before?] the time of the injury the plaintiff by the exercise of reasonable care could have avoided it." Since application of the doctrine presupposes negligence on the part of the plaintiff, this was error. If the instruction was an

attempt to indicate that the doctrine would cease to apply if the plaintiff became aware of her peril in season by the exercise of reasonable care to avoid it, it did not so state. The error might be thought to have been cured by the correct and more detailed statement of the doctrine which followed, had that not in turn been supplemented by another instruction to which exception was also taken. This instruction was an attempt to apply the doctrine to the plaintiff's conduct: "So, too, if Mrs. Hering was actually aware of the approach of the defendant's automobile after the defendant was unable to avoid the collision but in season for her to have avoided it by the exercise of reasonable care, then the deceased is to be charged with concurrent negligence and the plaintiff cannot recover."

In the more usual case where the doctrine of the last clear chance has been applied, the plaintiff has remained oblivious to his peril until too late for saving action on his part. In such cases, the more complex situation envisioned by the quoted instruction has not arisen. Such an instruction is designed to meet circumstances where the defendant has had what was apparently the last clear .chance, has failed to use it, and thereafter when the defendant has become unable to avoid collision, the plaintiff becomes aware of the defendant's presence, and can himself still take saving action. In such a case, the plaintiff should not be permitted to recover if it was he, rather than the defendant, who in fact had the last clear chance. The conduct of the plaintiff should nevertheless be governed by similar standards. To charge him with the last clear chance it is not enough merely that he was aware of the defendant's presence or approach, and was able to avoid the accident. It must also appear that he knew that the defendant was unable to avoid it. *Legere* v. *Company*, 89 N. H. 423.

It was the latter factor which the instruction in this case overlooked. Mere knowledge of the defendant's approach was not necessarily equivalent to knowledge by the decedent that the defendant could not avoid collision. He may still have been sufficiently distant so that the decedent with lack of appreciation of the effect of speed and highway conditions, may have expected him to stop or turn aside, although in fact he could not. As counsel's exception stated, the instruction imposed upon the decedent a greater duty than is imposed by law. It permitted a finding that she had the last clear chance without requiring the preliminary finding that she know that the defendant could not avoid the accident, that he could not extricate himself from the danger of collision. This was contrary to the doctrine as applied in this jurisdiction, and in my opinion prejudicial error.