Cheshire,
No. 4430.

FRANCES NAUCEDER ZIELINSKI, *Adm'x* v. KENNETH CORNWELL.

Argued November 1, 1955.

Decided December 6, 1955.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. William J. Starr, Jr.* orally), for the plaintiff.

*Bell & Bell (Mr. Ernest L. Bell, III* orally), for the defendant.

KENISON, C. J. According to the great weight of authority the law of the place of wrong governs liability for it. N. H. Annotations, Restatement, Conflict of Laws, s. 379; 2 Beale, Conflict of Laws, s. 379:1. "Where the declaration shows that the plaintiff seeks to recover for negligence in Vermont, with consequent damages there, the applicability of Vermont law follows as a matter of course." *Stone* v. *Howe,* 92 N. H. 425. The law of the place of wrong also governs the right of action for wrongful death. Restatement, Conflict of Laws, s. 391; Goodrich, Conflict of Laws, s. 102; see *Robinson* v. *Dixon,* 91 N. H. 29. Similarly the limits and measure of damages in this death action involve questions of substantive law which are controlled by the law of Vermont. Anno. 15 A. L. R. (2d) 762.

The defendant contends that in accordance with the law of Vermont the jury should have been advised that this action was brought primarily in behalf of the insurance carrier. In considering this argument we start with the basic proposition that the law of the forum, New Hampshire, determines the parties who may and who must sue and be sued (Restatement, Conflict of Laws, s. 588; *Saloshin* v. *Houle,* 85 N. H. 126) and the same rule applies to the admissibility of evidence. *Seely* v. *Manhattan Life Insurance Co.,* 72 N. H. 49, 56; Restatement, Conflict of Laws, s. 597. The decisions in this state have consistently followed the rule that insurance should not be disclosed to the jury except in cases of unavoidable necessity. *Montello Shoe Co.* v. *Suncook Industries,* 92 N. H. 161, 162; *Wilson* v. *Bank,* 95 N. H. 113. Even in cases where the insurance carrier is a plaintiff in interest it has been decided "that it was unnecessary to permit the jury to be informed

of the insurance . . . . " *Fine* v. *Parella*, 92 N. H. 81, 84. Evidence of the existence of insurance or the lack of it is generally considered immaterial to the merits of liability. Consequently it has been held that the evidence of insurance or its absence "does no good and may do harm." *Fine* v. *Parella, supra,* 85. The Trial Court's ruling is in accordance with the law of this state.

It is argued that although these matters are procedural and generally controlled by the law of the forum, in this case they are so inseparable from the Vermont cause of action that the Vermont law should be applied. *Precourt* v. *Driscoll,* 85 N. H. 280, 283. If the Vermont law does not require that the insurance carrier's subrogation status be disclosed to the jury, the defendant is in no position to complain that the Court applied the law of the forum, New Hampshire, in accordance with the general rule. In such a case the denial of the defendant's motion would be consistent with the law of both states. *Robinson* v. *Dixon,* 91 N. H. 29, *supra.*

The case of *Davis* v. *Central Vermont Ry. Co.,* 95 Vt. 180, 184, 185, makes it clear that the insurance carrier may recover in the name of the injured employee and that an amendment to the declaration disclosing its interest is proper since "the liability of the defendant was the same, whether the action was for the benefit of the injured employee or his employer." In *Towne* v. *Rizzico,* 113 Vt. 205, 210, the interest of the insurance carrier was in fact disclosed to the jury but the case contains no ruling that this procedure was proper or improper. The Court was careful to point out that the amendment to the declaration could have been made after verdict and upon appeal. This rather definitely indicates that it is not a requirement of Vermont law that the insurer's subrogation status be disclosed to the jury.

There are additional considerations which indicate that the Vermont law does not require that the employer's insurer be disclosed to the jury. The argument that the action is primarily for the benefit of the insurer is not necessarily so since section 6511 of the Vermont Public Laws, now Vermont Statutes, *s.* 8078 (1947) provides that the excess of the damages recovered "shall be paid to the injured employee less the employer's expenses and costs of action." Finally, the Vermont decisions consistently hold that the fact of insurance should not be injected into a jury trial (*Wilbur* v. *Tourangeau,* 116 Vt. 199, 201, and cases cited) and this rule has been applied to subrogation cases. *Bliss* v. *Moore & Stoughton,* 112 Vt. 185, 187. See *McCutcheon* v. *Leonard,* 114 Vt.

**38.** We conclude that the denial of defendant's motion that the jury be advised of the insurance company's status as a plaintiff in interest was proper even if Vermont law were to be applied.

In order for the plaintiff to prevail under Vermont law she was not only required to prove the defendant's negligence but also had the burden of proving freedom from contributory negligence and from the assumption of risk. It is noted that during the trial of this action counsel "agreed that the burden of proving the assumption of risk is upon the defendant." Pursuant to that agreement the Presiding Justice charged the jury accordingly. It is our understanding that this is incorrect and that in Vermont the burden of proving freedom from the assumption of risk is on the plaintiff. *Dunbar* v. *Central Vt. Ry. Co.,* 79 Vt. 474, 477; *Blaisdell* v. *Blake,* 111 Vt. 123, 126; *Landing* v. *Fairlee,* 112 Vt. 127, 130; *Bouchard* v. *Sicard,* 113 Vt. 429, 432; *Painter* v. *Nichols,* 118 Vt. 307, 310. However reversible error cannot be predicated on this jury instruction because it became the law of the trial and is binding on the parties to this appeal. *Williamson* v. *Derry Electric Co.,* 89 N. H. 216; *Larose* v. *Porter,* 87 N. H. 241. See also, *Gentes* v. *St. Peter,* 105 Vt. 103.

The Court could find upon the evidence that the defendant's servant, Daniels, released the last binding chain without giving the customary warning, signal or shout that the logs were to be discharged; that Daniels knew after talking with the decedent that the latter was proceeding to the rear of the truck for the purpose of reaching his "scaling" station; that Daniels did not allow sufficient time for the decedent to reach his "scaling" position; that Daniels knew that one or two logs might roll off the truck when the last binding chain was released. In passing on a motion for a directed verdict, Vermont follows the familiar rule that the evidence is considered in the light most favorable to the plaintiff. *Campbell* v. *Howard Nat'l Bank,* 118 Vt. 182. The evidence to support the plaintiff's claim may be circumstantial as well as direct. *Stevens* v. *Nurenburg,* 117 Vt. 525, 530; *Healy* v. *Moore,* 108 Vt. 324, 345. On the evidence the jury could find that Daniels created a dangerous condition without warning at a time and place that gave the decedent no opportunity to protect himself. This could be found to be negligence on the part of defendant and did not require a finding of contributory negligence on the part of the plaintiff. *Ryder* v. *Vermont Last Block Co.,* 91 Vt. 158, 166.

The decedent assumed the risk only if it can be said that he

knowingly and willingly encountered an obvious danger which he knew and appreciated. *Agosta* v. *Granite City Real Estate Co.,* 116 Vt. 526. It could properly be found that the decedent could not reasonably expect the defendant's servant to do what he did when he did it. This is not a case where a logging employee "deliberately chose to occupy a highly dangerous position which called for the exercise of acrobatic skill." *LaFontaine* v. *St. John,* 92 N. H. 319, 322. Nor is the present case governed by *Painter* v. *Nichols,* 118 Vt. 307, where a logging employee used an obviously defective log skid and was held to assume the risk therefrom. The plaintiff's evidence was of such a quality and character as to justify a jury, acting reasonably, to find for the plaintiff. *Wellman* v. *Wales,* 98 Vt. 437, 448. The evidence was substantial and not speculative or conjectural. *Reynolds* v. *John Hancock Ins. Co.,* 117 Vt. 541, 545. This summarizes the general rule in passing on a motion for a directed verdict in Vermont which has been recently restated in *Smith* v. *DeMetre,* 118 A. (2d) 346. The defendant's motions for nonsuit, dismissal and directed verdict were properly denied.

We find no error in the Trial Court's ruling on the admissibility of evidence. Objection was made to the introduction of a photograph of the plaintiff's spinal column after it was taken from his body. At this stage of the evidence an eye-witness to the accident had not testified that the plaintiff had been hit by a log and the defendant was contesting this point. The photograph thus tended to support the medical testimony on a disputed and material matter. It cannot be said that the evidence at the time it was introduced was remote, cumulative or unduly prejudicial. *Hackett* v. *Railroad,* 89 N. H. 514, 519; 6 Wig. Ev. (3rd *ed.*), *s.* 1908. Evidence concerning the plaintiff's ability and disposition to work as well as his habits of industry and his earning power was proper. *Lazelle* v. *Newfane,* 70 Vt. 440, 444. The witness Daniels was asked to explain the meaning of an answer that he had given to a question in his deposition and this was undoubtedly within the limits of proper cross-examination. Evidence of a custom or practice of giving a warning or signal before the last chain on the logs was released was relevant on the reasonableness of the conduct of both the defendant's servant and the decedent. *Jordan* v. *Railroad,* 80 N. H. 105; *Buxton* v. *Langan,* 90 N. H. 13; McCormick, Evidence (1954) 343. The defendant relies on *Sewall Falls Bridge* v. *Fisk,* 23 N. H. 171, but that case is distinguishable

since the custom and practice was excluded there because it was not shown to be relevant. See *State* v. *Cornwell,* 97 N. H. 446, 447.

The argument to the jury by plaintiff's counsel that Daniels knew that "it was a log from his truck" was a substantially accurate statement of the evidence and was therefore proper. *Merchants Mutual Cas. Co.* v. *Smith,* 91 N. H. 204. When the testimony of a witness on deposition appears to be different from that on trial, opposing counsel may comment on the apparent inconsistencies without being charged with misstating the evidence. *LePage* v. *Company,* 97 N. H. 46.

*Judgment on the verdict.*

All concurred.