Cheshire
No. 6347

ELIZABETH N. MATTHEWS V. JEAN'S PASTRY SHOP, INC.

THEODORE MATTHEWS V. SAME

October 31, 1973

*Peter S. Espiefs,* by brief and orally, for the plaintiffs.

*Sulloway, Hollis, Godfrey & Soden* and *Martin L. Gross,* with *Bell & Kennedy (Mr. Gross* orally), for the defendant.

DUNCAN, J. These actions were brought by husband and wife to recover damages arising out of injuries suffered by the wife on December 31, 1968, when she fell on the defendant's premises in Keene near the public entrance to its pastry shop. There was a trial by jury before *Morris,* J., and a verdict for the defendant was returned in each action. The plaintiffs' exceptions were reserved and transferred by the presiding justice.

The plaintiff Elizabeth testified that she fell on ice and snow on the paved ramp leading from the public sidewalk to the shop entrance. However there was evidence from which the jury could find that she undertook to cross through knee-deep crusty snow between the cleared ramp and the parking lot to the north of it where she parked her automobile; and that the cut which she suffered below her knee resulted from the icy crust which caused her fall, rather than from slipping on ice or snow on the ramp.

The defendant called as a witness an investigator employed by the defendant's insurer who had recorded a telephone

interview of the plaintiff shortly after the accident, in the course of which she had said that she did not know what course she followed between her automobile and the shop, and had made other statements inconsistent with her testimony at the trial. A major issue between the parties arises out of denial of the plaintiffs' offer to show by cross-examination of the investigator that he was employed by the insurer as investigator and adjuster, and accordingly was interested in the outcome of the trial on that account. In cross-examination of the plaintiff, the investigator had been referred to only as "someone in Manchester who was investigating this accident on behalf of Mr. and Mrs. Turgeon", the proprietors of the pastry shop.

We are of the opinion that the plaintiffs' offer of proof was properly denied in the discretion of the trial court. It is the general rule in this jurisdiction that there should be no disclosure that a defendant carries liability insurance except in cases of unavoidable necessity. *Zielinski v. Cornwell,* 100 N.H. 34, 118 A.2d 734 (1955); *Wilson v. Bank,* 95 N.H. 113, 58 A.2d 745 (1948). Here the witness' potential bias was disclosed to the jury when it was shown that he had been acting for the defendant. The implied finding that prejudice to the defendant from disclosure of the witness' employment by the insurer would outweigh additional benefit to the plaintiffs was not error as a matter of law. *Sindorf v. Dow,* 112 N.H. 114, 289 A.2d 394 (1972).

The plaintiffs place particular emphasis upon their exception to the denial of a request for instructions to the jury on the subject of the defendant's duty to exercise care for the safety of its patrons. The jury was instructed in part that "[t]he defendant is liable if he failed to use reasonable care to keep the premises reasonably safe. That is, you decide on the basis of the evidence . . . [w]hether or not what the defendant did was what the ordinary person of average prudence would do under the same or similar circumstances in regard to . . . the nature of the business that the defendant was conducting and the number of customers that they had."

The plaintiffs' request, if granted, would have elaborated upon the standard of care by reference to "dangerous conditions" of which the defendant knew or which it "should have

discovered", and discussion of "actual knowledge" and "constructive knowledge" defined in terms of a risk existing for sufficient time to permit discovery and remedy in the exercise of due care.

While there was an issue at the trial as to whether there was ice and snow on the entry ramp when the plaintiff was injured, there was no evidence as to how long such accumulation, if any, was upon the walk before the plaintiff fell. In these circumstances, the court was not called upon to instruct the jury upon any distinction between actual and constructive knowledge, where the evidence did not require it. *Welch v. Hospital,* 90 N.H. 337, 342, 9 A.2d 761, 764-65 (1939); *Lindberg v. Swenson,* 95 N.H. 184, 186, 60 A.2d 458, 459 (1948); cf. *Partin v. A & P Tea Co.,* 102 N.H. 62, 149 A.2d 860 (1959). Since the instructions given were more favorable to the plaintiffs than was their request, they had no valid ground for exception. *Herschensohn v. Weisman,* 80 N.H. 557, 119 A. 705 (1923).

The plaintiffs' exception to the denial of their motion filed at the commencement of the voir dire of the jury that the court pose eleven interrogatories to the prospective jurors presents no error. The voir dire proceeded in accordance with statute (RSA 500:32) and custom, and denial of the motion was proper in the discretion of the trial court. *Patterson v. Corliss,* 112 N.H. 480, 298 A.2d 586 (1972).

The plaintiffs also contend that the trial court erred in not excusing three of the jurors for cause. It appeared that one of the jurors was foreman of a company which sanded the defendant's drive and parking lot. This was not such a business relationship as would necessarily disqualify, and the court's implied finding that the juror was in fact indifferent is sustainable upon the record. *McLaughlin v. Union Leader,* 99 N.H. 492, 116 A.2d 489 (1955); cf. *Shulinsky v. Railroad,* 83 N.H. 86, 139 A. 189 (1927). Likewise the relationship of another juror to an employee of the defendant was at most ground for the exercise of a challenge to the favor rather than for absolute disqualification. *Seavy v. Dearborn,* 19 N.H. 351 (1849); see 47 Am. Jur. 2d *Jury* § 319 (1969).

A third juror was said to have been a client of the defendant's attorney at some prior time. Here again, the question

of whether the juror was impartial was "one of fact to be determined by the trial court." *State v. White,* 105 N.H. 159, 196 A.2d 33 (1963). *See also Adams v. Severance,* 93 N.H. 289, 41 A.2d 233 (1945); *Chagnon v. Union Leader Corp.,* 103 N.H. 426, 174 A.2d 825 (1961).

In the course of the trial, certain witnesses were permitted, subject to plaintiffs' exceptions, to testify that there were no complaints concerning the condition of the walk on the day in question by patrons other than the plaintiff. Three such witnesses were the two proprietors of the defendant and an employee. Their testimony was admissible to show lack of notice to the defendant of any dangerous condition. *Howe v. Jameson,* 91 N.H. 55, 13 A.2d 471 (1940). The testimony of two other witnesses, the plaintiff and a young girl who accompanied her on the day of the accident, was admissible in the discretion of the trial court. *See Menard v. Cashman,* 94 N.H. 428, 434, 55 A.2d 156, 160 (1947). The absence of complaints concerning the heavily traveled walkway on the afternoon of New Year's Eve was not without probative value. The plaintiffs requested no instruction to the jury that such evidence was not conclusive, if they had reason to suspect that the jury might consider it to be. *See Coos Lumber Co. v. Builders Supply Co.,* 105 N.H. 323, 326, 199 A.2d 545, 547 (1964).

*Plaintiffs' exceptions overruled;*
*judgment on the verdicts.*

All concurred.