Hillsborough
No. 81-010

BARRY T. FLEMING

v.

JOHN C. MARTIN *& a.*

February 19, 1982

*Kahn, Brown & Bruno*, of Nashua (*Kenneth M. Brown* on the brief and orally), for the plaintiff.

*Hamblett & Kerrigan P.A.*, of Nashua (*John P. Griffith* on the brief and orally), for the defendants.

KING, C.J.   On April 30, 1974, the plaintiff, Barry T. Fleming, went to the home of the defendants, John C. Martin and Joan Martin, to meet their son. As the plaintiff and the defendants' son watched motorcyclists who were racing on the defendants' property, one of the motorcycles struck the plaintiff from behind. The plaintiff brought an action in negligence against the defendants and, after a jury trial, he was awarded $65,000 in damages. During trial, the defendants sought a non-suit after the plaintiff's opening statement and a directed verdict after the plaintiff's case. After trial, they requested a judgment notwithstanding the verdict, but all motions were denied by the Superior Court (*Flynn*, J.). The defendants appealed the trial court's rulings to this court.

Before trial, neither party objected to having the legal standard set forth in *Ouellette v. Blanchard*, 116 N.H. 552, 364 A.2d 631 (1976) applied. In *Ouellette*, this court abolished the distinctions between licensees and invitees and set forth a standard of reasonable care to be used in all cases in which a person is harmed while on another's property. *Id.* at 557, 364 A.2d at 634. When the trial court instructed the jury according to this standard, although the defendants objected to part of the charge, they did not object to the use of the *Ouellette* standard. On appeal, however, the defendants claim that the trial court erred in applying *Ouellette* because in *Burns v. Bradley*, 120 N.H. 542, 545, 419 A.2d 1069, 1071 (1980), this court stated that *Ouellette* would apply only prospectively.

We need not address the issue of whether the *Ouellette* standard should have been applied to this action when the injury claimed occurred two years before the *Ouellette* decision, because

the defendants did not make a timely objection to the application of *Ouellette*. The standards set forth in *Ouellette* became the law of the trial when the defendants failed to object to the trial court's instruction to the jury. *Zielinski v. Cornwell*, 100 N.H. 34, 39, 118 A.2d 734, 738 (1955); *see Danvers Savings Bank v. Hammer*, 122 N.H. 1, 4, 440 A.2d 435, 437 (1982); *Steele v. Bemis*, 121 N.H. 425, 428, 431 A.2d 113, 115 (1981).

■ The defendants' argument that the plaintiff was a licensee on the property and that his status required less than reasonable care by the defendants is irrelevant to this case. The defendants are bound by the law as applied to the case because they accepted it.

■ Although the defendants raised other issues in their notice of appeal, those issues were not briefed by the defendants, and therefore, we will not reach them.

*Affirmed.*

All concurred.